

**ORDERED in the Southern District of Florida on December 12, 2008.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                              Case No. 08-25324-PGH
                                                    Chapter 11
FLORIDA HOUSING CORPORATION
d/b/a Palm Beach Assisted Living Facility
EIN# 65-0764109,
_____Debtor._____/

### AGREED INTERIM ORDER ON USE OF CASH COLLATERAL AND APPROVING ADEQUATE PROTECTION ARRANGEMENT AND NOTICE OF FINAL HEARING

**THIS CAUSE** having come before the Court on December 8, 2008 on Debtor's Emergency Motion to Approve Use of Cash Collateral (C.P. 5), and the parties having achieved a resolution, it is **ORDERED** AND ADJUDGED as follows:

Debtor's Motion to Approve Agreed Order Regarding Use of Cash Collateral and Establishing Adequate Protection Arrangement is hereby GRANTED on an interim basis upon the terms and pursuant to the conditions hereinafter set forth.

The terms and conditions agreed to by the parties are as follows:

**Nature and Validity of Secured Interest**

LaSalle Bank National Association (FKA LaSalle National Bank), as Trustee for the

STP:904683:2

GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificate, Series 1998-C1 ("LaSalle Bank as Trustee") is the holder of a secured loan with a first lien in and upon all of the assets of the Debtor with the exception of titled motor vehicles, all as referenced in Debtor's schedules (the "LaSalle Loan"). The approximate principal balance due on the LaSalle Loan, a more detailed description of Debtor's assets securing same and the Debtor's estimate of value of said assets are reflected on Debtor's schedules.

The Debtor acknowledges that LaSalle as Trustee has a valid fully perfected first lien position securing the LaSalle Loan on all assets as reflected on the Debtor's schedules, with the exception of titled motor vehicles (the "LaSalle Collateral").

Debtor continues to dispute LaSalle Bank as Trustee's contention that the LaSalle Loan is now recourse, in whole or in part, as to the Debtor.

Neither the Debtor nor LaSalle Bank as Trustee is bound to the asset valuations reflected on Debtor's Schedules and the entry of this Order is without prejudice to either seeking later valuation of said LaSalle Collateral by this Court.

Part of the LaSalle Collateral is Debtor's accounts receivable, including "health care receivables" as defined in the loan documents evidencing the LaSalle Loan, and Debtor's cash accounts (the "Cash Collateral"). The Debtor acknowledges that LaSalle Bank as Trustee has first lien priority and security interest in the Cash Collateral for purposes of 11 U.S.C. § 363(c).

Accordingly, LaSalle Bank as Trustee is entitled to and is specifically granted a post petition replacement lien in Debtor's Cash Collateral, pursuant to 11 U.S.C. § 363(e) to the

same extent, validity and priority as the security interest in Cash Collateral held by LaSalle Bank as Trustee as of the commencement of Debtor's Chapter 11 case (the "Post Petition Cash Collateral Lien"). In conjunction with its Post Petition Cash Collateral Lien, LaSalle Bank as Trustee shall be entitled to the benefits of the provisions of 11 U.S.C. §§§ 503(b), 507(a)(2) and 507(9b).

In addition to providing LaSalle Bank as Trustee with copies of all its Debtor In Possession Reports as and when filed, Debtor shall also file and serve an actual monthly income and expense report for the prior calendar month or portion thereof using the same format as that used in the Debtor's proforma operating budget attached hereto and incorporated herein as Exhibit A (the "Proforma Budget"). .

Debtor is hereby authorized to use Cash Collateral immediately to pay operating expenses and to provide adequate protection to LaSalle Bank as Trustee in conformance with and as set forth in the Proforma Budget in order to continue the operation of Debtor's business and maintenance of Debtor's estate subject to the conditions and restrictions hereinafter set forth.

Debtor's president, Joseph Glucksman, shall not be paid any salary or other form of remuneration as provided for under Debtor's Proforma Budget during any month if iDebtor is not current with all other operating expenses provided for under said Proforma Budget for that month and all prior months post petition and with the monthly adequate protection payments to LaSalle Bank as Trustee as hereinafter provided for.

### Adequate Protection Payments to LaSalle Bank as Trustee

As additional adequate protection for LaSalle Bank as Trustee in conjunction with Debtor's use of Cash Collateral, Debtor shall pay to LaSalle Bank as Trustee the sum of $36,514.00 per month, with the first such adequate protection payment due on or before November 1, 2008 and on or before the first of each month thereafter until the effective date of confirmation of any Plan of Reorganization in this case (at which time the

STP:904683:2

confirmation order entered in conjunction with said Plan of Reorganization shall govern) or further order of this court, whichever shall first occur.

The failure of the Debtor to comply with any of the provisions of this Order shall, upon the filing and serving an Affidavit of a representative of CapMark Finance, Inc., LaSalle Bank as Trustee's special servicer of the LaSalle Loan, setting forth such default and Debtor's failure to cure such default within five (5) days of service of said Affidavit, entitle LaSalle Bank as Trustee to the immediate entry of an Order prohibiting Debtor's further use of Cash Collateral.

The parties agree that the entry of this Order is without prejudice to the Debtor seeking to restructure or modify the terms of the LaSalle Loan within the context of its Plan of Reorganization or LaSalle Bank as Trustee seeking any other relief to which it might be entitled under the provisions of the Bankruptcy Code in conjunction with the LaSalle Collateral.

The entry of this Order is without prejudice to the rights of the Official Committee of Unsecured Creditors, should one be appointed in this case, at or in conjunction with the Final Cash Collateral Hearing hereinafter provided for, to contest or otherwise object to the position of LaSalle Bank as Trustee that it has a valid fully perfected first lien position on the LaSalle Collateral to secure the LaSalle Loan or to assert that the LaSalle Loan is otherwise unenforceable as to the Debtor.

Finally, the entry of this Order is also without prejudice to the rights of any subsequently appointed Chapter 7 Trustee in this case, to contest or otherwise object to the position of LaSalle Bank as Trustee that it has a valid fully perfected first lien position on the LaSalle Collateral to secure the LaSalle Loan or to assert that the LaSalle Loan is otherwise unenforceable as to the Debtor.

STP:904683:2

## Final Hearing

The Court will hold a final hearing on Debtor's Emergency Motion to Approve Use of Cash Collateral on <u>January 13, 2009 at 1:00 p.m.</u> (the "Final Cash Collateral Hearing") at the <u>U.S. Bankruptcy Court, 1515 North Flagler Drive, 8th Floor, Courtroom 801A, West Palm Beach , FL  33401</u>.

###

### Order Submitted By:

JULIANNE R. FRANK, ESQ.
FRANK, WHITE-BOYD, P.A.
11382 Prosperity Farms Rd., #230
Palm Beach Gardens, FL 33410
(561) 626-4700
(561) 627-9479 - fax


### Copy provided by electronic mail to:

Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

Richard H. Malchon, Jr.    Richard.machon@ruden.com

### Copy provided by US mail to:

Florida Housing Corporation
534 Datura Street
West Palm Beach, FL 33401

Richard H. Malchon, Jr., Esquire
Ruden, McClosky, Smith, Schuster & Russell, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602

Attorney Julianne R. Frank, Esq. is hereby directed to forward a copy of this Order immediately upon receipt of same to all creditors and any parties of interest and file a Certificate of Service.

# EXHIBIT "A"

**Florida Housing Corporation**
Cash Collateral Budget

| | Oct. 15 - Nov. 14 | Nov. 15 - Dec. 14 | Dec. 15 - Jan. 14 | Jan. 15 - Feb. 14 | Feb. 15 - Mar. 14 |
|---|---|---|---|---|---|
| Occupancy | 145 | 160 | 175 | 190 | 200 |
| **Income** | | | | | |
| State Rate Rent | $143,985.00 | $158,880.00 | $173,775.00 | $188,670.00 | $198,600.00 |
| Enhanced Fees | $7,500.00 | $9,750.00 | $12,000.00 | $15,000.00 | $15,000.00 |
| Tenant Rent | $5,760.00 | $5,760.00 | $5,760.00 | $5,760.00 | $5,760.00 |
| Vending | $125.00 | $130.00 | $135.00 | $150.00 | $150.00 |
| Staffing Pool* | $20,000.00 | $24,000.00 | $28,000.00 | $32,000.00 | $32,000.00 |
| Grant Income | $61,000.00 | $71,234.00 | $0.00 | $0.00 | $0.00 |
| Gross Income | $238,370.00 | $269,754.00 | $219,670.00 | $241,580.00 | $251,510.00 |
| Loss/Vacancy Factor (3%) | $7,151.10 | $8,092.62 | $6,590.10 | $7,247.40 | $7,545.30 |
| Effective Gross Income | $231,218.90 | $261,661.38 | $213,079.90 | $234,332.60 | $243,964.70 |
| **Expenses** | | | | | |
| Environmental Services** | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| Food Services | $14,609.00 | $16,120.00 | $17,631.00 | $19,143.00 | $18,900.00 |
| Gov't Fees | $5,602.00 | $0.00 | $150.00 | $150.00 | $150.00 |
| Housekeeping | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 | $10,000.00 |
| Insurance*** | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 | $11,000.00 |
| Maintenance/Repairs | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 | $5,000.00 |
| Marketing | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| Office/Admin | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 | $1,500.00 |
| Frank Crum, Inc**** | $107,889.00 | $107,889.00 | $115,767.00 | $110,767.00 | $110,767.00 |
| Professional Expenses | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 |
| Resident Activities | $50.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Resident PNA | $7,830.00 | $8,640.00 | $9,450.00 | $10,260.00 | $10,800.00 |
| Staff Training | $450.00 | $50.00 | $50.00 | $50.00 | $50.00 |
| Supplies | $6,500.00 | $6,500.00 | $6,500.00 | $6,500.00 | $6,500.00 |
| Utilities | $18,000.00 | $18,000.00 | $16,000.00 | $16,000.00 | $16,000.00 |
| Vehicles | $3,960.00 | $7,930.00 | $3,930.00 | $3,930.00 | $3,930.00 |
| US Trustee Fees | $0.00 | $0.00 | $0.00 | $4,875.00 | $0.00 |
| Operating Expense | $194,890.00 | $195,179.00 | $201,528.00 | $203,725.00 | $199,147.00 |
| Archon Payment | $36,514.10 | $36,514.10 | $36,514.10 | $36,514.10 | $36,514.10 |
| Debt Service | $36,514.10 | $36,514.10 | $36,514.10 | $36,514.10 | $36,514.10 |
| Total Expense | $231,404.10 | $231,693.10 | $238,042.10 | $240,239.10 | $235,661.10 |
| Profit/Loss | ($185.20) | $29,968.28 | ($24,962.20) | ($5,906.50) | $8,303.60 |

$7,217.98

\* Income Passed From Florida Home Health Care to Florida Housing Corporation
\*\* Includes Pest Control, Cable, Elevator Service, Fire/Sprinkler Service etc.
\*\*\* Property, Professional Liability, Director/Officer, Wind
\*\*\*\* Employee Leasing