

**ORDERED in the Southern District of Florida on May 13, 2009.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:

FLORIDA HOUSING CORPORATION,
d/b/a Palm Beach Assisted Living Facility
EIN #65-0764109,
          Debtor.        /

Case No. 08-25324-BKC-PGH
Chapter 11

### ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO APPROVE SALE OF DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, ENCUMBRANCES, CLAIMS AND INTERESTS

THIS CASE having come on to be heard on May 5, 2009 upon Debtor's Emergency Motion to Approve Sale of Debtor's Assets Free and Clear of Liens, Encumbrances, Claims and Interests [D.E. #92] and the Response and Limited Objection to Debtor's Emergency Motion to Sell Free and Clear of Liens of LaSalle Bank National Association (f/k/a LaSalle National Bank), as Trustee for the GS Mortgage Securities Corporation, II, Commercial Mortgage Pass-Through Certificate, Series 1998-CI ("LaSalle Bank as Trustee") [D.E. #100], the Court having reviewed the case file, having

RM:6413987:2

considered argument of counsel and being otherwise duly advised in the premises it is hereby

**ORDERED AND ADJUDGED** as follows:

The Debtor's Emergency Motion to Approve the Sale of the Debtor's Assets Free and Clear of Liens, Encumbrances, Claims and Interests is hereby GRANTED upon the terms and conditions hereinafter set forth.

The Debtor is authorized to sell substantially all of its assets to Gold Standard of Care, LLC for a total sale price of $3,130,000.00 according to the terms of the Asset Purchase Agreement executed on April 27, 2009 (the "Asset Purchase Agreement") with the limited exception that Section 5.7 of the Asset Purchase Agreement shall now be deemed, interpreted and construed to give Gold Standard of Care, LLC a secured administrative claim in the amount of any break up free it would otherwise be entitled to under the Asset Purchase Agreement (the "Breakup Fee Administrative Claim"). The Breakup Administrative Claim, if any, shall have priority over all other administrative claims, and all other claims or liens against the Debtor's assets with the exception of both the first $2,600,000.00 of LaSalle Bank as Trustee's secured claim and any accrued but unpaid adequate protection payments due LaSalle Bank as Trustee under the interim and final cash collateral orders previously entered in this Case.

Additionally, LaSalle Bank as Trustee shall receive, at the closing contemplated under the Asset Purchase Agreement and approved under this Order, $2,600,000.00 in cash and any accrued but unpaid adequate protection payments due it through closing under the interim and final cash collateral orders previously entered in this Case in full satisfaction of any and all claims or liens it has against Debtor's assets and or Debtor's

RM:6413987:2

Estate (the "Short Sale Payoff"). In conjunction with and in consideration of LaSalle Bank As Trustee accepting the Short Sale Payoff, the Debtor, the Debtor's Estate and any subsequent Trustee appointed in this Case absolutely and unconditionally release LaSalle Bank as Trustee, all Certificate holders under the applicable CMBS facility, CapMark Finance, Inc, as special servicer for LaSalle Bank as Trustee ("CapMark") and all officers, employees or agents of either LaSalle Bank as Trustee or CapMark from any and all claims or causes of action existing now or in the future, including, but not limited to, any and all preference, fraudulent transfer or other avoidance actions arising under 11 U.S.C §544, *et seq.* or equivalent state law.

$125,000.00 of the total purchase price will be paid upon closing to Florida Healthcare Brokerage, LLC as a broker fee.

All property taxes due and owing will be paid at closing. The tax bill indicates that if closing takes place in May the total tax due at closing will be $14,004.95. If closing takes place in June or July the total tax due at closing will be $15,678.37.

Any and all remaining funds after payment of the Short Sale Payoff, brokers fee and property taxes as hereinabove provided for will be held in Trust by Frank, White-Boyd, P.A. and will be utilized for 1) any remaining necessary fees, intangible taxes and transition costs related to the closing, 2) administrative and priority expenses and claims, and 3) distribution pursuant to a liquidating Chapter 11 plan to all allowed claims on a pro-rata basis, or upon further order of this Court. The Debtor recognizes that Wachovia Bank, N.A. ("Wachovia") held a first position allowed secured claim to the extent of the amount of the $133,747.64 maintained in the Debtor's Wachovia accounts as of the date

of the filing of the Bankruptcy. Any plans of liquidation will address the implication of this secured claim.

This transaction must close within 30 days of the entry of this order. The Court reserves jurisdiction to enforce any and all terms of the Asset Purchase Agreement.

###

**Submitted by:**

JULIANNE R. FRANK, ESQ.

Frank, White-Boyd, P.A.
11380 Prosperity Farms Rd., #114
Palm Beach Gardens, FL 33410
(561) 626-4700
(561) 627-9479-fax

**Copies provided by electronic mail to:**

Brain T. Hanlon tc legal services@co.palm-beach.fl.us
James H. Harris harrisj@ahca.myflorida.com
Richard H. Malchon, Jr. richard.malchon@ruden.com
Niall T. Mclachlan nmclachlan@caroltonfields.com, cguzman@carltonfields.com
Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
Nadine V. White-Boyd nwbbnk@bellsouth.net
Julianne R. Frank fwbbnk@bellsouth.net, mgarbnk@bellsouth.net

**Copies provided by U.S. Mail to:**

Florida Housing Corporation
534 Datura Street
Suite 420
West Palm Beach, FL 33401

Ely R. Levy, Esq.
Militzok & Levy, P.A.
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, FL 33021

Narda E. Butner, 420 Clematis St. 2nd Floor, West Palm Beach, FL 3401, Hugh J. Eighmie, 221 E. Osceola St., Stuart, FL 34994, Rose Greynolds c/o Ronald Greynolds, guardian, 34 Kelly Fields Dr., Alexander, NC 28701

Julianne R. Frank, Esq. is hereby directed to forward a copy of this Order immediately upon receipt of same to all creditors and any parties of interest and file a Certificate of Service with this Court.

RM:6413987:2