UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| FLORIDA HOUSING CORPORATION | : | CASE NO. 08-25324-BKC-PGH |
| | : | |
| Debtor. | : | |

## UNITED STATES TRUSTEE'S OBJECTIONS TO
## DEBTOR'S DISCLOSURE STATEMENT

COMES NOW the United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and submits the following objections to the Debtor's disclosure statement and proposed plan in the above-styled Chapter 11 proceedings.

Title 11 of the United States Bankruptcy Code §1125(b) requires the Bankruptcy Court specifically to find the disclosure statement contains "adequate information" before a party in interest is allowed to solicit its Plan of Reorganization to creditors. Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail . . . , that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgement about the plan . . . "

In the absence of amendments to deal with such matters as is noted below, the United States Trustee moves the Court to not approve the proposed Disclosure Statement "as containing adequate information," and convert the case to Chapter 7.

OBJECTIONS

1. The Debtor has not filed monthly reports for August through November, 2009. These must be filed in order to adequately determine the true financial picture of the Debtor.

2. The disclosure statement does not address the payment of U.S. Trustee's fees.

3. The disclosure statement does not address discharge issues. Because the Debtor is liquidating, the U.S. Trustee questions whether it is entitled to a discharge under 11 U.S.C. §1141(d)(3).

4. The Projected distributions does not address the U.S. Trustee's fees due and payable through the entry of the Final Decree.

WHEREFORE, the United States Trustee shows the disclosure statement does not contain adequate information as required by 11 U.S.C. §1125, which would permit a party in interest to reach an informed judgement concerning the plan and moves the Court to enter an order denying approval of the disclosure statement, unless the necessary changes are made to correct the deficiencies set forth above, and further moves this case to be converted to Chapter 7 or dismissed. See generally, In re: Metrocraft Publishing Services, Inc., 39 B.R. 567 (Bankr. N.D.Ga. 1984).

DONALD F. WALTON
United States Trustee

___/s/_____
HEIDI A. FEINMAN
Trial Attorney

Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, FL 33130
(305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that   a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S DISCLOSURE STATEMENT** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and via  U.S. Mail, properly addressed and with correct postage .

| | |
|---|---|
| Julianne Frank, Esq. | Fwbbnk@bellsouth.net |
| James Harris, Esq. | Harrisj@ahca.myflorida.com |
| Richard Malchon, Esq. | Richard.Malchon@ruden.com |
| Niall McLachlan, Esq. | Nmclachlan@carltonfields.com |
| Nadine White Boyd, Esq. | Nwbbnk@bellsouth.net |

DONE this the 18$^h$ day of December,  2009.

I hereby certify that I am admitted to the Bar of the State of Florida and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to  attorneys representing the United States government.

_____/s/_____
HEIDI A. FEINMAN
Trial Attorney