UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                          Case No.: 08-25324-BKC-PGH

FLORIDA HOUSING CORPORATION              Chapter 11
d/b/a/ PALM BEACH ASSISTED LIVING
FACILITY

    Debtor.

_____/

## WACHOVIA BANK'S OBJECTION TO
## CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

Creditor, Wachovia Bank, N.A., by and through its undersigned counsel, objects to the Debtor's Disclosure Statement a and to confirmation of the Debtor's proposed Chapter 11 Plan, and states as follows:

1.    The Debtor filed its proposed Chapter 11 Plan (DE#110) and Disclosure Statement (DE#111) on November 18, 2009. In the Plan, the Debtor classifies two claims held by Wachovia, under fifth and sixth mortgages on the Debtor's real property, as Class II claims. Noting that there was insufficient equity in the mortgaged property to pay even the first mortgage holder's claim, the Debtor classifies Wachovia's claims as Class III unsecured claims which will "share proportionately in the remaining assets of the debtor after the distribution of the administrative claims". Plan at p. 5, §§3.6, 3.7.

2.    In its Disclosure Statement, however, the Debtor contends that Wachovia's failure to file a formal proof of claim means that it is not entitled to receive an distributions under the Plan. The Debtor then proposes that it will "agree to give Wachovia a total general unsecured claim in the amount of $248,767.91, under the condition that distribution on said claim will be deemed to have settled in full all disputed obligations owed by Debtor to Wachovia Bank and

16095981.1

*In re: Florida Housing Corporation*
Case No.: 08-25324-BKC-PGH
Objection to Confirmation

any guarantees that may exist thereon".[1] Disclosure Statement at pp. 14-15.

3. Because Wachovia's Objection to Use of Cash Collateral (DE# 39), filed on December 5, 2008, constituted an informal proof of claim, the Debtor's contention that Wachovia is not entitled to an allowed claim is incorrect.

4. Even if the Adequate Protection Motion was not the equivalent of a formal proof of claim, the Bank would still object to any provision of the Plan that would result in a release of Glucksman's liability under his Guaranty, and would therefore refuse the Debtor's proposed "agreement".

5. Finally, Wachovia objects to all provisions of the Plan and Disclosure Statement which provide that the Debtor will be discharged of liability for pre-petition debts upon confirmation and/or completion of its Plan. Having filed a liquidation plan and indicating its intent to cease operating upon confirmation, the Debtor is not entitled to any discharge in this case. 11 U.S.C. §1141(d)(3).

## MEMORANDUM OF LAW

The Debtor filed this Chapter 11 case on October 15, 2008. In its Schedules, the Debtor indicated that Wachovia held two claims under loans dated October 2004, both secured by mortgages on the Debtor's real property located at 534 Datura Street, West Palm Beach. (DE# 1, Exhibit D).[2] The schedules also reflected that the Debtor maintained a deposit account at Wachovia with a balance of $140,216.61 as of the Petition Date. (*Id.* at Schedule B).

---

[1] The Debtor's President, Joseph Glucksman ("Glucksman") has guaranteed payment of the Debtor's debts to Wachovia Bank.

[2] As more fully discussed below, although the Debtor listed these claims as "disputed", it nevertheless listed the correct loan dates, collateral, mortgages and approximate claim amounts, it did not dispute the existence of the Bank's claims when faced with Wachovia's Objection to Use of Cash Collateral, and has not substantively disputed the Bank's claims at any time thereafter.

16095981.1                                                    2

*In re: Florida Housing Corporation*
Case No.: 08-25324-BKC-PGH
Objection to Confirmation

Based on the Schedules and the Bank's records, and faced with a December 8, 2008 hearing on the Debtor's Emergency Motion to Approve Use of Cash Collateral (DE# 5), Wachovia filed its Objection to Use of Cash Collateral on December 5, 2008 (DE# 39). In its verified Objection, Wachovia asserted that it held two claims arising from two loans, both renewed in October 2004, and that it also held a lien on the funds in the Debtor's deposit accounts at the Bank. More specifically, Wachovia indicated the following in its Objection and supporting Affidavit:

- The Debtor owed Wachovia $136,777.16 as of the Petition Date under a Promissory Note dated October 27, 2004 in the original amount of $147,275.11;

- The Debtor owed Wachovia $94,179.76 as of the Petition Date under a second Promissory Note, also dated October 27, 2008, in the original amount of $101,492.50;

- The Debtor had granted Wachovia a security interest in its deposit accounts as additional collateral for the indebtedness under the Notes, and that the Debtor had $137,747.64 in its deposit accounts as of the Petition Date; and

- That Wachovia was therefore entitled to adequate protection of its interest in the deposited funds.

The Debtor did not dispute the existence of Wachovia's claims. Instead, the parties entered into an Agreed Final Order on Use of Cash Collateral and Approving Adequate Protection Arrangement (DE# 71) (hereafter, the "Agreed Cash Collateral order") which provided, *inter alia*, that

- the parties had "achieved a resolution of the issues";

- First lienholder, LaSalle, has a first lien position on all assets with the exception of tax liens, titled vehicles and "those funds on deposit in the Debtor's pre-petition bank account with Wachovia Bank as of the date of filing the bankruptcy petition in the amount of $133,747.64";

- The Debtor had granted Wachovia a security interest in the Debtor's accounts in order to secure payment of the October 26, 2004 notes which had renewed two

earlier notes dated September 27, 2004, and that the Debtor had $133,747.64 in its accounts as of the Petition Date;

- That Wachovia held an "*allowed secured claim* to the extent of the $133,747.64[³ maintained in the Debtor's Wachovia accounts as of the date of filing of the bankruptcy[]", but that Wachovia would not receive adequate protection payments "until the effective date of the Plan" (emphasis added) ;

- The Debtor reserved the right to object to the extent to which LaSalle's claim was secured and whether LaSalle had recourse against the Debtor;[4] and

- Entry of the Order was without prejudice to the right of any successor Chapter 7 Trustee to object to LaSalle's lien position or to assert that LaSalle's loan was otherwise not enforceable against the Debtor.[5]

Since entry of the Agreed Cash Collateral Order, the Debtor has continued to recognize the existence and validity of Wachovia's claims. The Debtor concedes in its Plan and Disclosure Statement that it used the funds obtained by Wachovia to purchase and/or improve the Debtor's facilities. Disclosure Statement at p. 6. Additionally, Debtor's counsel, while requesting that Wachovia forbear from pursuing Glucksman under his Guaranty while waiting for the Debtor to file a chapter 11 plan and disclosure statement, noted that "[w]e do anticipate Wachovia receiving a significant distribution through the bankruptcy in the hope of avoiding as much fall-out liability to Mr. Glucksman as possible". See Composite Exhibit 1 hereto.

Because the Objection to use of Cash Collateral fully apprised the Debtor and the Bankruptcy Court of the existence, nature and amounts of Wachovia's claims and clearly

---

[3] Leaving the remaining portion of the Bank's $230,956.92 claim, or $93,209.28, as unsecured. 11 U.S.C. §506(b). The Debtor's contention in its Disclosure Statement that even if the Bank had a lien on the date of the filing, any security interest had been lost due to the Debtor's use and replacement of pre-petition funds prior to Wachovia's Objection to use of Cash Collateral seems disingenuous given the Debtor's failure to raise this issue prior to entering into the Agreed Cash Collateral Order. As a detailed review of the account statements reveals that the Debtor is factually correct on this point, however, Wachovia will concede that its claims are unsecured.

[4] No such reservation of rights was asserted with respect to Wachovia's claims.

[5] Again, no such reservation of rights was asserted with respect to Wachovia's claims.

*In re: Florida Housing Corporation*
Case No.: 08-25324-BKC-PGH
<u>Objection to Confirmation</u>

indicated the Bank's intent to hold the Debtor liable, the Debtor's contention that Wachovia's failure to file a formal proof of claim deprives the Bank of an allowed claim in this case is meritless. *In Charter Co. v. Dioxin Claimants (In re The Charter Co.)*, 876 F.2d 861, 864 (11th Cir. 1989) (a motion filed prior to the claims bar date which apprises the court of the existence, nature and amounts of a creditor's claim and indicates the creditor's intent to hold the debtor liable constitutes an informal proof of claim, giving the creditor an allowed claim despite the creditor's failure to file a formal claim. Motion for adequate protection held to constitute an informal proof of claim).

In this case, Wachovia filed its Objection to use of Cash Collateral on December 5, 2008. The Objection notified the Debtor and the Court of the existence, nature and amounts of Wachovia's claims, and unambiguously indicated the Bank's intent to hold the Debtor liable on the claims. As a result, Wachovia has an allowed unsecured claim in the amount of $230,956.92, the balance of its pre-petition claims as set forth in the Affidavit filed in support of the Bank's Objection to Use of Cash Collateral, regardless of the Debtor's proposed "agreement".[6]

The Debtor's proposed Plan and Disclosure Statement are also objectionable and improper to the extent that they provide for the Debtor's discharge upon confirmation of the Plan and/or the completion of the Debtor's payments thereunder. *See, e.g.*, Plan at p. 7, §7.1 and p.8. The proposed Plan is a liquidating plan[7] and the Debtor will cease operating upon confirmation.[8]

---

[6] Should the Court find that Wachovia's Objection did not constitute an informal claim, and that the Bank therefore does not have an allowed claim for the purposes of distribution under the Debtor's plan, the Bank rejects the Debtor's proposed agreement to grant it an allowed unsecured claim and payment of approximately 7% of that claim in exchange for Glucksman's release from liability under his Guaranty.

[7] *See* Plan at p. 5, §3.7; Disclosure Statement at p. 12 ("[T]his plan is a liquidating plan…").

[8] *See* Plan at p. 6, §5.4; Disclosure Statement at p. 20 ("The Debtor will cease to operate post confirmation").

16095981.1                                      5

*In re: Florida Housing Corporation*
Case No.: 08-25324-BKC-PGH
Objection to Confirmation

As this corporate Debtor would be denied a discharge under §727(a) if this case was proceeding under chapter 7, it will not be entitled to a discharge upon confirmation or completion of its liquidation plan. 11 U.S.C. §1141(d)(3).[9]

WHEREFORE, Creditor Wachovia Bank, National Association, respectfully requests that this Court find that the Bank's Objection constituted an informal proof of claim, that Wachovia holds two allowed unsecured claims against the Debtor in the aggregate amount of $230,956.92 and is included as a Class 3 creditor for purposes of distributions under the Plan, deny confirmation of the Plan to the extent that it calls for any release and/or discharge of the Debtor or of Joseph Glucksman under his guaranty of the Debtor's indebtedness, and provide such other relief as is just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rules 2090-1(A) and 9011-4(A)(1).

Respectfully submitted,

Carlton Fields, P.A.
Attorneys for Creditor Wachovia Bank, NA
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
nmclachlan@carltonfields.com

By: /s/ Niall T. McLachlan
    Niall T. McLachlan
    Fla. Bar No. 059552

---

[9] The Debtor's proposed agreement to pay Wachovia a small fraction of its claims in exchange for a release and discharge of Glucksman's liability under his Guaranty is even more remarkable given *the Debtor's* inability to obtain a discharge in this case.

*In re: Florida Housing Corporation*
Case No.: 08-25324-BKC-PGH
Objection to Confirmation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of December 2009, a true and correct copy of the foregoing was served electronically with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following parties and counsel of record:

Julianne R. Frank    fwbbnk@bellsouth.net , mgarbnk@bellsouth.net
Attorneys for Debtor

Richard H Malchon Jr    richard.malchon@ruden.com
Attorney for Archon Financial Group and LaSalle Bank

Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov


I HEREBY CERTIFY that on the 29th day of December 2009, a true and correct copy of the foregoing was served electronically with the Clerk of the Court by using the CM/ECF system and a true and correct copy of the foregoing was served via U.S. Mail on the following parties:

Florida Housing Corp.
534 Datura Street
West Palm Beach, Florida 33401

CapMark Finance, Inc.
Attn.: Thomas M. Wainscott, Vice President
700 No. Pearl Street
#2200
Dallas, Texas 75201


                                                s/ Niall T. McLachlan
                                                Niall T. Mclachlan

*In re: Florida Housing Corporation*
Case No.: 08-25324-BKC-PGH
<u>           Objection to Confirmation</u>

**COMPOSITE
EXHIBIT 1**



www.frankwhiteboyd.com

<u>*Via Facsimile and U.S. Mail*</u>  
305-530-0055

JUL 17 2009

July 14, 2009

Niall McLachlan, Esq.  
Carlton Fields  
4000 International Place  
100 S.E. Second Street  
Miami, FL 33131-2114

Re: <u>Florida Housing Corporation</u>

Dear Mr. McLachlan:

I am in receipt of your correspondence dated July 10, 2009. I am sorry that you weren't kept in the loop as to the sale of Florida Housing Corporation; however, the sale did take place as scheduled and the excess funds are currently being held in our trust account.

We plan on having a Disclosure Statement and Plan prepared within the next twenty to thirty days. As anticipated, this Plan will primarily be of a liquidating nature. We will make sure that you get a copy of the Plan and Disclosure Statement for your input prior to the filing of same with the Court. If you would kindly continue to forebear from collection efforts from Mr. Glucksman, it would be greatly appreciated. We do anticipate Wachovia receiving a significant distribution through the bankruptcy in the hope of avoiding as much fall-out liability to Mr. Glucksman as possible.

Please feel free to contact us at your earliest convenience if you have any questions regarding these issues.

Sincerely,

Julianne R. Frank  
JRF/drg  
cc: Joe Glucksman

Y:\Client Matters\Florida Housing Corp\Correspondence\071409.Letter.wpd

---

Respond to:

11382 Prosperity Farms Road • Suite 230  
Palm Beach Gardens, FL 33410  
561-626-4700 • 561-627-9479 fax

Julianne R Frank*  
Nadine V. White-Boyd

2145 14th Ave. • Suite 20A  
Vero Beach, FL 32960  
772-794-3379

*NATIONAL CERTIFICATION IN BUSINESS AND CONSUMER BANKRUPTCY LAW

# CARLTON FIELDS

ATTORNEYS AT LAW

ATLANTA
MIAMI
ORLANDO
ST. PETERSBURG
TALLAHASSEE
TAMPA
WEST PALM BEACH

4000 International Place
100 S.E. Second Street
Miami, Florida 33131-2114

305.530.0050
305.530.0055 fax
www.carltonfields.com

July 10, 2009

**VIA TELEFAX ONLY**

Julianne Frank, Esq.
Frank, White-Boyd, P.A.
11382 Prosperity Farms Road
Suite 230
Palm Beach Gardens, FL 33410

Re:  **Florida Housing Corporation and Joseph Glucksman**

Dear Ms. Frank,

As you may recall, this office represents Wachovia Bank in connection with Florida Housing Corporation and its Guarantor, Joseph Glucksman. On February 10, 2009, I sent you a letter indicating that the Bank would extend for 45 days the deadline for payment contained in my January 22, 2009 demand for payment from Mr. Glucksman, and that the Bank might consider extending the period further if progress was being made toward payment of the Bank's claim through the bankruptcy.

I recall that the May 13 Order Granting Debtor's Emergency Motion for Sale of Property directed that the sale take place within thirty days from entry of the order. Nevertheless, I have not seen any documents indicating that the sale has taken place. Please advise at your earliest convenience regarding whether the sale is still going forward and, if it is, when you expect the closing to take place. Please also advise whether you anticipate the debtor filing a reorganization or liquidation plan.

Please provide the requested information by next Friday, July 17, 2009. Any information provided will be forwarded to the Bank for its consideration in deciding whether to continue delaying further action against Mr. Glucksman under his guaranty.

Sincerely,

Niall McLachlan

NTM:cg
cc:    Edgar Bermudez

15305504.1 49751-42632