UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                              Case No. 08-25324-BKC-PGH
                                    Chapter 11
FLORIDA HOUSING CORPORATION
d/b/a Palm Beach Assisted
Living Facility
EIN# 65-0764109,
          Debtor.
_____/

## RESPONSE BY THE STATE OF FLORIDA'S AGENCY FOR HEALTH CARE ADMINISTRATION TO DEBTOR'S OBJECTION TO CLAIM AND MOTION FOR BANKRUPTCY COURT TO ABSTAIN

COMES NOW the State of Florida's Agency for Health Care Administration ("AHCA") and files this Response to Debtor's Objection to Claim (the "Objection") and in support states as follows:

1.    AHCA is the primary state regulator for health care facilities in Florida pursuant to Chapter 408, Part II, Florida Statutes.

2.    AHCA had state regulatory authority over Debtor Florida Housing Corporation d/b/a Palm Beach Assisted Living Facility ("Debtor" or "Florida Housing") pursuant to Chapters 408, Part II, and 429, Part I, Florida Statutes, and Chapter 58A-5, Florida Administrative Code, because Debtor operated an assisted living facility until April 7, 2009.

3.    As part of AHCA's regulatory authority, AHCA conducted an examination of Florida Housing on June 19, 2007, finding significant violations in the area of medication administration

1

which AHCA determined indirectly or potentially threatened the physical or emotional health, safety, or security of facility residents.  AHCA mandated that Florida Housing correct the violations on or before July 18, 2007.  During AHCA's subsequent examinations of Debtor Florida Housing on August 9, 2007, on October 2, 2007, and on November 26, 2007, the violations remained uncorrected.

4.   As a result, on August 11 and 25, 2008, pursuant to the provisions of Chapters 120, 408, and 429, Florida Statutes, AHCA served administrative complaints on Debtor Florida Housing, imposing administrative fines and fees totaling forty thousand dollars ($40,000.00).

5.   Pursuant to the provisions of Chapters 120, 408, and 429, Florida Statutes, Debtor Florida Housing's counsel, John F. Gilroy, III, Esq., requested formal hearings on the allegations of the administrative complaints, and the cases were referred to the Florida Division of Administrative Hearings ("DOAH") for hearing.

6.   Debtor Florida Housing filed a voluntary petition for relief under Chapter 11 of Title 11, United States Bankruptcy Code on October 15, 2008, Docket Entry #1.

7.   On October 22, 2008, Debtor Florida Housing requested that the administrative complaints be consolidated for hearing before DOAH, and a trial date for the consolidated cases was set

2

for January 27 and 28, 2009.

8.   On December 23, 2008, Debtor Florida Housing's counsel John F. Gilroy, III, Esq., filed with the Florida administrative tribunal, DOAH, a Notice of Bankruptcy Proceedings and Automatic Stay, a true and correct copy is attached to this Response as Exhibit 1.

9.   On December 29, 2008, AHCA filed its proof of claim with this Court, Claim No. 6.

10.   On December 31, 2008, AHCA filed with the Florida Administrative Tribunal, DOAH, an Agreed Motion to Place Cases in Abeyance as to the consolidated Florida administrative cases, a true and correct copy is attached to this Response as Exhibit 2, in paragraphs 4 and 5 of which the Agency and Debtor Florida Housing represented by John F. Gilroy, III, Esq., agreed:

> 4.   The Agency does not agree that the above-styled is stayed by the bankruptcy petition. See, 11 U.S.C. § 362(b)(4); Donovan v. TMC Industries, Ltd., 20 BR 997, 9 BCD 536, 25 BNA WH Cas 892, CCH Bankr L Rptr P 68810, 95 CCH LC P 34278 (N.D. Ga. 1982). However, the Agency will be filing a proof of claim in the bankruptcy case.
> 5.    In the interests of judicial economy, the parties ask this tribunal to place the matter in abeyance, pending resolution of the bankruptcy, which may resolve the Agency's claim or which may result in the parties returning to this tribunal.

11.   On January 13, 2009, this Court entered its Order Approving Employment of Special Counsel as to John F. Gilroy, III, Esq., Docket Entry #68.

3

12. On April 3, 2009, pursuant to the order of DOAH, AHCA and Debtor Florida Housing filed a Status Report and Motion to Relinquish Jurisdiction with DOAH, a true and correct copy is attached to this Response as Exhibit 3, in which the parties agreed, in paragraph 6:

> 6. The parties move this tribunal to relinquish jurisdiction of this matter to the Agency without prejudice. Should this matter not be resolved by the bankruptcy court or otherwise by the parties, either party may have the matter referred to the Division of Administrative Hearings for formal hearing.

13. On April 6, 2009, DOAH entered an order closing the administrative case, a true and correct copy is attached as Exhibit 4 to this response.

14. On May 13, 2009, the Court granted Debtor Florida Housing's motion to sell the Debtor's assets. Docket Entry #101.

15. On April 7, 2009, control of the assisted living facility changed to the buyer, Senior Housing Management Provider, LLC.

16. On April 15, 2009, buyer Senior Housing Management Provider, LLC, applied to AHCA for a Change of Ownership pursuant to §408.807, Florida Statutes, which provides:

> 408.807 Change of ownership.--Whenever a change of ownership occurs:
> (1) The transferor shall notify the agency in writing at least 60 days before the anticipated date of the change of ownership.
> (2) The transferee shall make application to the

4

agency for a license within the timeframes required in
s. 408.806.
(3)  The transferor shall be responsible and liable
for:
(a)  The lawful operation of the provider and the
welfare of the clients served until the date the
transferee is licensed by the agency.
(b)  Any and all penalties imposed against the
transferor for violations occurring before the date of
change of ownership.

17.  The Agency continues to hold Debtor liable for the

pre-petition administrative fines which are the subject of the

proof of claim filed with this Court as Claim No. 6, see Exhibit

5, attached affidavit of Rosalind Frazier.

18.  On January 22, 2010, Debtor Florida Housing filed an

objection to AHCA's claim, Docket Entry #128, contending:

Debtor contends that the claim filed by the State of
Florida Agency for Health Care Administration is
predicated on a fine which was the subject of an
administrative hearing which has not reached a
conclusion.  Additionally, the Debtor is under the
belief that all claims the State of Florida Agency for
Health Care Administration may have had against the
Debtor have been resolved through the actions of the
purchasers of the debtor's assets.

19.  Debtor Florida Housing's objections are without merit.

20.  None of the objections articulated by Debtor Florida

Housing is an objection authorized by 11 U.S.C. § 502.

21.  Above-quoted Section 408.807, Florida Statutes, makes

clear that under Florida Law the transferor, Debtor Florida

Housing, remains liable for a fine imposed prior to the transfer

of Debtor's assets to buyer Senior Housing Management Provider,

LLC.

22.   If Debtor Florida Housing is contending that AHCA's claim should not be allowed because it is not liquidated, this is clearly not the law.  The clear language of 11 U.S.C. 502, provides:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount,. . .
> . . .
> (c) There shall be estimated for purpose of allowance under this section--
>    (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case; or
> . . .

23.   Moreover, Debtor Florida Housing is judicially estopped from denying that it agreed to resolve the administrative claims which are the subject of the Proof of Claim, Claim #6, through this Court and failing that to go back to the Florida administrative tribunal, DOAH, to resolve the administrative claim.  See attached exhibits 2 and 3.  The elements of judicial estoppels are (1) whether a later position asserted by a party was clearly inconsistent with an earlier position; (2) whether a party succeeded in persuading a court to accept an earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the

6

perception that either the first or the second court was misled; and (3) whether the party with an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Stephens v. Tolbert, 471 F.3d 1173, 1177 (11th Cir. 2006). In the DOAH administrative proceeding, Debtor asserted that the administrative proceeding was stayed by Debtor's petition and then agreed that if the claim were not resolved in this Court, the parties would return to DOAH. As a result, the DOAH proceeding was closed. Debtor cannot now use its own representations and agreement to seek to resolve its claim in this Court as a reason for this Court to reject AHCA's claim.

24. Therefore, AHCA moves this Court to either liquidate the claim as a contested matter under Bankruptcy Rule 9014, or to abstain pursuant to 11 U.S.C. 1334(c)(2) which provides:

> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

25. AHCA has subject matter expertise regarding the violations of Florida law committed pre-petition by Debtor Florida Housing. AHCA can quickly reopen the administrative

case at DOAH and liquidate the amount of the administrative claim through a final order.

26.  Hence, Debtor's objection to AHCA's claim, Claim #6, should be denied.

**WHEREFORE,** the State of Florida's Agency for Health Care Administration requests that this Court deny Debtor's objection to Claim #6, that this Court enter an order liquidating Claim #6 or abstaining from proceeding to liquidate Claim #6, and grant such other and further relief as the Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. Mail on ___February___ _22___, 2010, to:

Narda E. Butner
420 Clematis St 2nd Floor
West Palm Beach, FL 33401

Hugh J. Eighmie
221 E Osceola St
Stuart, FL 34994

Rose Greynolds
c/o Ronald Greynolds, guardian
34 Kelly Fields Dr
Alexander, NC 28701

Geoffrey D. Ittleman
2500 Hollywood Blvd #309
Hollywood, FL 33020

Richard H Malchon Jr
401 E Jackson St # 2700
Tampa, FL 33602

and by electronic mail to:

Heidi A Feinman      Heidi.A.Feinman@usdoj.gov
Julianne R. Frank      fwbbnk@bellsouth.net,
    mgarbnk@bellsouth.net
Brian T. Hanlon      tc_legal_services@co.palm-beach.fl.us
Niall T McLachlan      nmclachlan@carltonfields.com,
    cguzman@carltonfields.com
Office of the US Trustee      USTPRegion21.MM.ECF@usdoj.gov
Nadine V. White-Boyd      nwbbnk@bellsouth.net

I hereby certify that I am admitted to the Bar of the United
States District Court for the Southern District of Florida, and
I am in compliance with the additional qualifications to
practice in this Court, as set forth in Local Rule 2090-1(A).

James H. Harris, Esq.
Assistant General Counsel
Florida Bar 817775
Attorney E-mail address:  harrisj@ahca.myflorida.com
Agency for Health Care Administration
525 Mirror Lake Drive, Suite 330D
St. Petersburg, FL 33701
Telephone:  727-552-1435
Facsimile:  727-552-1440
Attorney for Creditor State of Florida Agency for
Health Care Administration

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS


AGENCY FOR HEALTH CARE
ADMINISTRATION,

                    Petitioner,

vs.                                          DOAH Case Nos. 08-5154
                                                            08-5155
                                             AHCA Case Nos. 2007013801
                                                            2007011988


FLORIDA HOUSING CORP,
d/b/a PALM BEACH ASSISTED
LIVING FACILITY,

                    Respondent.
_____

NOTICE OF BANKRUPTCY PROCEEDINGS
AND AUTOMATIC STAY

    Respondent, **FLORIDA HOUSING CORP, d/b/a PALM BEACH ASSISTED LIVING FACILITY,** ("Palm Beach"),by and through the undersigned counsel and pursuant to Rule 28-106.104, Florida Administrative Code and 11 U.S.C. Section 362(a), files this Notice of Bankruptcy Proceedings and Automatic Stay, and states:

    1.    This matter involves two Administrative Complaints served by the Agency for Health Care Administration (AHCA) on or about August 12 and 22, 2008, respectively. The administrative complaints seek penalties consisting of fines and a

**EXHIBIT**

_____1_____

survey fee. The Agency does not seek revocation or suspension of the Respondent's license and alleges only Class III deficiencies.

2.    On October 14, 2008, these cases were referred to DOAH for formal hearings. The consolidated formal hearing for these cases is set for January 27 and 28, 2009 by video teleconference in West Palm Beach and Tallahassee.

3.    On October 15, 2008, Respondent, Florida Housing Corporation filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Florida and was assigned Case No. 08-25324-BKC-PGH. Notice of the bankruptcy was provided informally at that time by Respondent to the AHCA field office for Palm Beach County.

4.    11 U.S.C Section 362(a) sets forth an automatic stay for actions, including administrative actions, which seek to exercise control over estate property.

5.    Respondent, Palm Beach, hereby gives notice to the Administrative Law Judge of this bankruptcy action and the automatic stay.

Respectfully submitted,

**JOHN F. GILROY, III, P. A.**

**/ S /**

John F. Gilroy, III
Fla. Bar No. 0454729
John E. Terrel
Fla. Bar No. 0865036
1695 Metropolitan Circle, Suite 2
Tallahassee, Florida  32308
(850) 385-1368
Fax: (850) 422-0221
**Counsel for Respondent**
**PALM BEACH ASSISTED LIVING FACILITY**

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided by Electronic Transmission to Nelson E. Rodney, Assistant General Counsel, Agency for Health Care Administration, 8350 NW 52nd Terrace, Suite 103, Miami, FL  32308, this 23rd day of December, 2008.

/ S /

_____
John F. Gilroy, III

3

**STATE OF FLORIDA**
**DIVISION OF ADMINISTRATIVE HEARINGS**

**STATE OF FLORIDA, AGENCY FOR**
**HEALTH CARE ADMINISTRATION,**

      **Petitioner,**

                         **Case Nos. 08-5154**
                                   **08-5155**

**v.**                             **FRAES Nos.2007013801**
                                       **2007011988**

**FLORIDA HOUSING CORP. d/b/a**
**PALM BEACH ASSISTED LIVING**
**FACILITY,**

      **Respondent.**

_____/

## AGREED MOTION TO PLACE CASES IN ABEYANCE

COME NOW the State of Florida, Agency for Health Care Administration (the "Agency") and Florida Housing Corp. d/b/a Palm Beach Assisted Living Facility ("Palm Beach") and jointly request that these matters be placed in abeyance pending resolution of the bankruptcy of Palm Beach, and state as follows:

1.    These matters are set for a formal hearing on January 27 and 28, 2009, by video teleconference in West Palm Beach and Tallahassee, Florida.

2.    These matters are the consolidation of two (2) cases which collectively seek fines of $39,500 and a survey fee of $500.

**EXHIBIT**

**2**

1

3.   On December 23, 2008, counsel for Palm Beach filed with this tribunal a Notice of Bankruptcy Proceedings and Automatic Stay.

4.   The Agency does not agree that the above-styled is stayed by the bankruptcy petition. See, 11 U.S.C. § 362(b)(4); Donovan v. TMC Industries, Ltd., 20 BR 997, 9 BCD 536, 25 BNA WH Cas 892, CCH Bankr L Rptr P 68810, 95 CCH LC P 34278 (N.D. Ga. 1982). However, the Agency will be filing a proof of claim in the bankruptcy case.

5.   In the interests of judicial economy, the parties ask this tribunal to place the matter in abeyance, pending resolution of the bankruptcy, which may resolve the Agency's claim or which may result in the parties returning to this tribunal.

6.   Counsel for the Agency and counsel for Palm Beach have reviewed and agreed to this joint motion.

_____          _____
John F. Gilroy, III, Esq.          James H. Harris, Esq.
Counsel for Palm Beach             Counsel for the Agency

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by regular U.S. Mail to John F. Gilroy, III, P.A., 1695 Metropolitan Circle, Suite 2,

2

Tallahassee, Florida  32308-8722, on *December 31*

2008.

James H. Harris, Esq.
Assistant General Counsel
Florida Bar 817775
Agency for Health Care Administration
525 Mirror Lake Drive, Suite 330 E
St. Petersburg, FL 33701
Telephone: 727-552-1435
Facsimile: 727-552-1440

3

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS

STATE OF FLORIDA, AGENCY FOR
HEALTH CARE ADMINISTRATION,

      Petitioner,

                           Case Nos. 08-5154
                                   08-5155

v.                            FRAES Nos.2007013801
                                  2007011988

FLORIDA HOUSING CORP. d/b/a
PALM BEACH ASSISTED LIVING
FACILITY,

      Respondent.
                            /

## STATUS REPORT AND MOTION TO RELINQUISH JURISDICTION

THE PARTIES to the above-styled have conferred and advise this tribunal of the status of the above-styled as follows:

1.    This matter had been set for trial on January 27 and 28, 2009.

2.    On December 23, 2008, counsel for Florida Housing Corp. d/b/a Palm Beach Assisted Living Facility filed with this tribunal a Notice of Bankruptcy Proceedings and Automatic Stay.

3.    On December 29, 2008, the Agency for Health Care Administration filed a proof of claim seeking to recover the fines sought in the above-styled matter through the bankruptcy proceeding.

4.    Pursuant to the parties' Agreed Motion to Place Cases in Abeyance, this matter was placed in abeyance on January 6,

**EXHIBIT**

**3**

2009, by this tribunal's Order Canceling Hearing and Placing Case in Abeyance.

5. The January 6, 2009, Order required the parties to report the status of this matter on or before April 6, 2009.

6. The parties move this tribunal to relinquish jurisdiction of this matter to the Agency without prejudice. Should this matter not be resolved by the bankruptcy court or otherwise by the parties, either party may have the matter referred to the Division of Administrative Hearings for formal hearing.

James H. Harris, Esq.
Assistant General Counsel
Agency for Health Care
Administration

4/3/09

John E. Terrel, Esq.
Attorney for Florida Housing
Corp. d/b/a Palm Beach
Assisted Living Facility

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by regular U.S. Mail to John E. Terrel, Esq., John F. Gilroy, III, P.A., 1695 Metropolitan Circle, Suite 2, Tallahassee, Florida 32308-8722, and by facsimile 850-422-0221, on ___April 3___ 2009.

James H. Harris, Esq.
Assistant General Counsel
Florida Bar 817775
Agency for Health Care Administration
525 Mirror Lake Drive, Suite 330 H
St. Petersburg, FL 33701

STATE OF FLORIDA
DIVISION OF ADMINISTRATIVE HEARINGS

AGENCY FOR HEALTH CARE            )
ADMINISTRATION,                   )
                                  )
        Petitioner,               )
                                  )
vs.                               )    Case Nos. 08-5154
                                  )              08-5155
FLORIDA HOUSING CORP., d/b/a      )
PALM BEACH ASSISTED LIVING        )
FACILITY,                         )
                                  )
        Respondent.               )
                                  )

_____

ORDER CLOSING FILES

This cause having come before the undersigned on the parties' Status Report and Motion to Relinquish Jurisdiction filed April 3, 2009, and the undersigned being fully advised, it is, therefore,

ORDERED that:

The files of the Division of Administrative Hearings are closed with leave for either party to request the Division to re-open the cases, should they not be resolved by the parties. See Section 120.569(2)(a), Florida Statutes.

DONE AND ORDERED this 6th day of April, 2009, in Tallahassee, Leon County, Florida.

**S**

ELEANOR M. HUNTER
Administrative Law Judge
Division of Administrative Hearings
The DeSoto Building
1230 Apalachee Parkway
Tallahassee, Florida  32399-3060
(850) 488-9675    SUNCOM 278-9675
Fax Filing (850) 921-6847
www.doah.state.fl.us

**EXHIBIT**

**4**

Filed with the Clerk of the
Division of Administrative Hearings
this 6th day of April, 2009.

COPIES FURNISHED:

John E. Terrel, Esquire
Law Offices of John F. Gilroy, III, P.A.
1695 Metropolitan Circle, Suite 2
Tallahassee, Florida  32308

Nelson E. Rodney, Esquire
Agency for Health Care Administration
Spokane Building, Suite 103
8350 Northwest 52nd Terrace
Miami, Florida  33166

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                  Case No. 08-25324-BKC-PGH
                                        Chapter 11
FLORIDA HOUSING CORPORATION
d/b/a Palm Beach Assisted
Living Facility
EIN# 65-0764109,
          Debtor.
_____/

**AFFIDAVIT OF ROSALIND FRAZIER IN SUPPORT OF RESPONSE BY THE**

**STATE OF FLORIDA'S AGENCY FOR HEALTH CARE ADMINISTRATION TO**

**DEBTOR'S OBJECTION TO CLAIM AND MOTION TO ABSTAIN**

STATE OF FLORIDA

COUNTY OF LEON

Before me, the undersigned Notary Public, personally
appeared Rosalind Frazier, Affiant, who swore or affirmed that:

1.   My name is Rosalind Frazier, and I am a resident of
Leon County, Florida.

2.   I am employed by the Florida Agency for Health Care
Administration ("AHCA") as Operations Review Specialist.

3.   As part of my employment duties, I am the AHCA
employee assigned to AHCA's files for Florida Housing
Corporation d/b/a Palm Beach Assisted Living Facility
("Debtor").

4.   As part of my employment duties, I also processed the
AHCA file for the change of ownership from the Debtor to Senior
Housing Management Provider, LLC ("Senior Housing").

**EXHIBIT**

**5**

5.   Section 408.807, Florida Statues, requires that the purchaser of an assisted living facility who wishes to continue to operate the facility needs to apply for a change in ownership at least sixty (60) days prior to taking possession of the facility.

6.   Under Florida law the transferor, the Debtor, remains liable for any fine or penalty prior to the change in ownership.

Rosalind Frazier

State of Florida
County of Leon

I certify that on Feb. 17, 2010, before me, an officer duly authorized in the county and state aforesaid to take acknowledgments, personally appeared Rosalind Frazier who is personally known to me or has produced

did not
as identification and did take an oath.

[Notary Public]

My commission expires:

CHERYL H. CLARK
MY COMMISSION # DD 916685
EXPIRES: September 22, 2013
Bonded Thru Budget Notary Services